David L. Mazaroli
Attorney for Plaintiff
250 Park Avenue – 7th Floor
New York, NY 10177
Tel. (212)267-8480 Fax. (212)732-7352
e-mail: dlm@mazarolilaw.com

-----------------------------------------------------------------x
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

|  |  |
|---|---|
|  | : ECF CASE |
| CHATHAM IMPORTS, INC., | : |
| Plaintiff, | : |
|  | : **COMPLAINT** |
| - against – | : |
| MSC MEDITERRANEAN SHIPPING COMPANY S.A., | : |
|  | : |
| Defendant. | : |

-----------------------------------------------------------------x

Plaintiff, through its undersigned attorney, alleges as follows for its complaint against Defendant upon information and belief:

1. This action involves admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and is within the admiralty and maritime jurisdiction of this Honorable Court pursuant to 28 U.S.C. § 1333.

2. Concurrently there is (a) federal question jurisdiction pursuant to 28 U.S. C. § 1331; (b) diversity jurisdiction pursuant to 28 U.S.C. § 1332 as the amount in controversy, exclusive of interest and costs, exceeds $75,000.00 and the citizenship of the parties is diverse; and (c) supplemental jurisdiction pursuant to 28 U.S.C. § 1367 as to the remaining aspects of the claim.

3. The terms and conditions applicable to the subject multimodal sea waybill include a Southern District of New York forum selection clause which is said to apply

exclusively where the carriage contracted for is to or from the Unites States of America. Venue is proper in this district based on said forum selection clause.

4. Plaintiff Chatham Imports, Inc. (hereinafter "Chatham" or "Plaintiff") is a New York corporation with its principal place of business at 245 Fifth Avenue, New York, NY 10016 and was at all material times the ex-works purchaser, owner and named consignee of the shipment in suit, and a Merchant as defined in the MSC sea waybill.

5. Defendant MSC Mediterranean Shipping Company S.A. (hereinafter "MSC" or "Defendant") is believed to be an alien corporation with its principal place of business in Switzerland.

6. At all material times MSC was engaged in the business of the carriage of cargo in multiple modes of transport and with respect to the shipment in suit contracted to provide multimodal carriage from Mexico City to the Port of New York by way of Veracruz under a contract of carriage which contemplated substantial ocean carriage.

7. By virtue of the New York forum selection clause applicable to its sea waybill MSC has consented to the jurisdiction of this Court.

8. MSC maintains a place of business within this district through its general agent Mediterranean Shipping Company USA Inc. located at 420 Fifth Avenue, 8th Floor, New York, NY 10018-2708.

9. This action involves nondelivery, shortage and loss to part of a shipment of 2016 cases of mezcal sold and shipped by Magueyes Maestros, S.A. C.V. of Mexico City and consigned to and purchased on an ex works basis by Chatham and which is further described as "2016 CASE(S) OF MEZCAL" and "TOTAL NUMBER OF PACKAGES: 2016" in MSC Sea Waybill MEDUX5390844 dated June 17, 2023 [MSC

CANBERRA Voyage CG324R Booking Ref. EBKG05757589] (hereinafter "the Shipment").

13. For agreed consideration, including specified freight fees and accessorial charges, MSC contracted to carry the Shipment from the shipper's door in Mexico City to the Port of New York by way of the Port of Veracruz, Mexico.

14. MSC provided container MSDU5907566 for the multimodal carriage of the Shipment and hired, provided and/or was responsible for, all vehicles, vessels, terminals and other custodians from the time and place of receipt in Mexico to the time and place of delivery in the United States.

15. On or about May 26, 2023 the Shipment was delivered into the care, custody and control of MSC and/or entities acting on its behalf, and was live-loaded into container MSDU5907566 drayed by a motor carrier hired by or on behalf of MSC.

16. The Shipment was full and complete as to quantity and was in good order and condition at the time of receipt by MSC or entities acting on its behalf.

17. MSC's duties and obligations included the live-load door-pickup of the shipment at the shipper's premises in Mexico City, the road carriage of the Shipment from Mexico City to Veracruz, terminal storage at the port of loading in Veracruz, ocean carriage aboard the M/V MSC CANBERRA to the port of discharge and terminal storage at the discharge port pending delivery.

18. For the Shipment MSC issued a clean, exception-free sea waybill which stated the full quantity and weight of the mezcal cargo in the Shipment. However, after the aforesaid multimodal carriage by MSC, Chatham was informed by its receiving warehouse that 1008 cases of mezcal were missing from the Shipment.

19. The missing cases of mezcal have never been delivered to Chatham.

20. As a proximate result of the foregoing, Plaintiff and those on whose behalf it sues, has sustained damages in at least the amount of $87,525.64, as nearly as can presently be calculated, no part of which has been paid although duly demanded.

21. Plaintiff sues on its own behalf and as agent and trustee for and on behalf of any other persons or entities who may now have or hereafter acquire an interest in this action and reserves the right to amend this complaint to include any additional damages sustained by itself and any such other persons or entities.

22. Plaintiff, and those on whose behalf it sues, has performed all conditions precedent required under the premises.

23. Each cause of action herein is pleaded in the alternative.

## Causes of Action

### FIRST CAUSE OF ACTION

**(Breach of Contract and/or Duties Under COGSA and the Harter Act)**

24. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 23 of this complaint.

25. MSC was a carrier in accordance with the Carriage of Goods by Sea Act, Ch. 229, 49 Stat. 1207 (1936), *reprinted in* note following 46 U.S.C. § 30701, and as identified in its sea waybill.

26. The aforesaid nondelivery, shortage and loss to the Shipment was caused by (a) MSC's breaches and violations of its nondelegable duties as a common carrier; (b) its reckless failure to properly receive, load, secure, stow, weigh, carry, care for, discharge and deliver the subject cargo; (c) the unseaworthiness of the carrying

vessel and container; and (d) by other circumstances for which Defendant is liable to Plaintiff under the statutory law applicable *ex proprio vigore* or by contract, including the Carriage of Goods by Sea Act, 46 U.S.C. § 30701 note, and the Harter Act, 46 U.S.C. §§190-196, as well as the general maritime, federal common law and the governing carriage contract.

27. As a proximate result of the foregoing, Plaintiff and those on whose behalf it sues, has sustained damages in the amount of $87,525.64, as nearly as can presently be calculated, no part of which has been paid although duly demanded.

## SECOND CAUSE OF ACTION

### (Breach of Bailment Obligations)

28. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 23 of this complaint.

29. At the time the aforementioned nondelivery, shortage and loss to the Shipment occurred, MSC, together with the entities it hired to act on its behalf, was acting as a bailee of the Shipment and in its own capacity, or through its contractors, agents, servants or sub-bailees, had duties to safely and properly keep, care for and deliver the Shipment in the same quantity, weight and good order and condition as when entrusted to it. MSC also had duties to ensure that the services provided for the Shipments were performed with reasonable care and in a non-negligent and workmanlike manner.

30. MSC breached its aforesaid bailee duties and obligations and negligently failed to deliver part of the Shipment.

31. As a proximate result of the foregoing, Plaintiff and those on whose behalf it sues, has sustained damages in the amount of $87,525.64, as nearly as can presently be calculated, no part of which has been paid although duly demanded.

## THIRD CAUSE OF ACTION

### (Negligence, Recklessness, and/or Willful Misconduct)

32. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 23 of this complaint.

33. At all material times MSC had a duty to properly receive, load, secure, stow, weigh, carry, care for, protect, discharge and deliver the Shipment.

34. The nondelivery, shortage and loss to the Shipment was caused by said defendant's negligence, recklessness, wanton neglect, and willful misconduct in that MSC, its agents, servants, sub-carriers, participating carriers, subcontractors, terminal operators, truck drivers, warehousemen and employees failed to properly handle, store, stow, carry, protect and care for the Shipment.

35. As a proximate result of the foregoing, Plaintiff and those on whose behalf it sues, has sustained damages in the amount of $87,525.64, as nearly as can presently be calculated, no part of which has been paid although duly demanded.

## FOURTH CAUSE OF ACTION

### (Conversion)

36. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 23 of this complaint.

37. The nondelivery, shortage and loss to the Shipment was caused by the conversion of the missing goods to the use of MSC or entities acting on its behalf.

38. As a proximate result of the foregoing, Plaintiff and those on whose behalf it sues, has sustained damages in the amount of $87,525.64, as nearly as can presently be calculated, no part of which has been paid although duly demanded.

## FIFTH CAUSE OF ACTION

### (False Sea Waybill)

39. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 23 of this complaint.

40. If and to the extent it is alleged by MSC, and/or determined by the Court, that the nondelivery, shortage, and loss to the Shipment occurred in whole or in part prior to the stated issue date of the MSC sea waybill, Defendant is liable without limitation of any kind for issuing a false sea waybill which mispresented the quantity and weight of the cargo.

41. As a proximate result of the foregoing, Plaintiff and those on whose behalf it sues, has sustained damages in the amount of $87,525.64, as nearly as can presently be calculated, no part of which has been paid although duly demanded.

WHEREFORE, Plaintiff respectfully prays:

A. That process issue against defendant MSC Mediterranean Shipping Co. S.A., citing it to appear and answer all and singular the aforesaid matters;

B. That judgment be entered against said defendant without limitation of any kind in the amount of $87,525.64, plus prejudgment interest at the rate of 9% per annum;

C. That Plaintiff be afforded such other and further relief which the law, equity and/or the nature of the case will allow, including but not limited to the costs of this action and reasonable attorneys' fees.

Dated: March 13, 2024

                                        Law Office
                                        David L. Mazaroli

                                        *s/David L. Mazaroli*

                                        _____
                                        David L. Mazaroli
                                        Attorney for Plaintiff
                                        250 Park Avenue – 7th Floor
                                        New York, New York 10177
                                        Tel.: (212)267-8480 Fax.: (212)732-7352
                                        E-mail: dlm@mazarolilaw.com